UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KALEB HARDY,

        Plaintiff,

v.

UNKNOWN PART(Y)(IES) et al.,

        Defendants.
_____/

Case No. 1:25-cv-344

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Garcia, James, and Miller. The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Transport Staff, John, and Hicks: Plaintiff's First Amendment retaliation claims, and Eighth Amendment claims premised upon the denial of Plaintiff's request for food. Plaintiff's Eighth Amendment claim

against Defendants Transport Staff, John, and Hicks for requiring Plaintiff to stand outside in the cold remains in the case.

## Discussion

**I.    Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility and en route to that facility from the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan, and the Kinross Correctional Facility (KCF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following ICF staff: "IMAX Level 5 Lansing Transport and Staff" Unknown Parties (Transport Staff), Assistant Deputy Warden Unknown Garcia, Sergeant Unknown Hicks, Transport Driver "John" Unknown Party #1, Deputy Warden Unknown James, and Grievance Coordinator K. Miller. (Compl., ECF No. 1, PageID.1–2.)

Plaintiff alleges that, on January 22, 2025, Plaintiff was transferred from MBP on an emergency basis for assaulting MBP corrections officers. (*Id.*, PageID.3.) He was transported "in a state blue shirt, state blue pants, and blue shower shoes with no jacket, thermal tops or bottom, gloves, hat, and socks when [it] was below body temperature." (*Id.*) "At 12:00 a.m. to 12:15 a.m. Kinross Transport" arrived at the Lansing Hospital to meet up with "John, John de, John, John do Transport C/Os drivers," which the Court will construe as Plaintiff's reference to Defendant John and Defendants Unknown Transport Staff. (*Id.*) Defendants John and Unknown Transport Staff required that Plaintiff stand "in the freezing [cold]" for a padlock change before continuing on to ICF. (*Id.*) Plaintiff arrived at ICF "around 12:50 a.m. to 1:15 a.m. (*Id.*) Defendant Hicks and five others required that Plaintiff stand outside in the cold while they asked Plaintiff questions. (*Id.*) When Plaintiff asked for clothes, a jacket, or to talk inside, "they" told Plaintiff "no." (*Id.*)

2

Defendant Hicks and another employee then walked Plaintiff inside the building, denying Plaintiff's request for a jacket and something to eat. (*Id.*) Plaintiff was "so cold" that he could not feel any of his body parts. (*Id.*)

Plaintiff filed a grievance related to this incident, which was denied by Defendant Miller. (*Id.*) Plaintiff alleges that Defendants Garcia and James denied Plaintiff "help." (*Id.*) Plaintiff also alleges that a non-party "nurse" denied Plaintiff medical attention. (*Id.*)

Plaintiff states that he intends to bring claims for violation of his First and Eighth Amendment rights. (*Id.*) He does not indicate the type of relief that he seeks. (*See id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Defendants Garcia, James, and Miller

Plaintiff brings claims against Defendant Miller for denying Plaintiff's grievance, and against Defendants Garcia and James for denying Plaintiff "help." (ECF No. 1, PageID.3.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Therefore, the Sixth Circuit has held that, where the defendant's only involvement in the allegedly unconstitutional conduct is "the denial of administrative grievances or the failure to act," the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely denies an administrative grievance. *Id.*

Moreover, government officials, such as Defendants Garcia, James, and Miller, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat

4

superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff alleges only that Defendant Miller denied Plaintiff's grievance, and that Defendants Garcia and James denied Plaintiff "help" (ECF No. 1, PageID.3) without any facts that would indicate that Defendants Garcia and James were present at the time of the incidents described in Plaintiff's complaint. Ultimately, Plaintiff fails to allege any facts that would plausibly suggest that Defendants Garcia, James, or Miller authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Therefore, Plaintiff fails to state a claim against these Defendants.

5

### B. First Amendment Retaliation

Plaintiff alleges that Defendants John, Transport Staff, and Hicks required Plaintiff to stand in the "freezing [c]old" as "retaliation due to assaulting the C/Os at Marquette." (ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Here, Plaintiff's retaliation claim fails at the first step because he has not alleged that he engaged in any protected activity.

"The First Amendment does not protect violence." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 916 (1982). As the Sixth Circuit explained in *Thaddeus–X*, "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one" of the three-step retaliation analysis. *Thaddeus-X*, 175 F.3d at 394; *see Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (holding that insolence is not protected conduct for First Amendment purposes). "Assault and Battery" and "Threatening Behavior," including attempted assault and battery, are legitimate Class I misconduct violations under MDOC policy. MDOC Policy Directive 03.03.105, Attach. A (eff. Aug. 26, 2024). Any actions in assaulting MBP staff cannot be considered protected activity under the First Amendment—or any other amendment. Therefore, the Court will dismiss Plaintiff's First Amendment claims.

6

### C. Eighth Amendment Claim

Plaintiff alleges that Defendants Transport Staff, Hicks, and John subjected Plaintiff to "cruel and unusual punishment" by requiring that Plaintiff stand outside in a shirt, pants, and shower shoes while Defendants Transport Staff and John did "a padlock change" and again when Defendant Hicks questioned Plaintiff. (ECF No. 1, PageID.3.) Plaintiff also alleges that he was denied a request for food when entering ICF. (*Id.*)

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010)

7

(citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

### 1. Denial of Clothing

A failure to provide adequate clothing to inmates may, under certain circumstances, constitute an Eighth Amendment violation. *See Smith v. Bush*, No. 23-1644, 2024 WL 242349, at *2 (6th Cir. Jan. 19, 2024) As with any Eighth Amendment conditions of confinement claim, when determining whether exposure to cold temperatures satisfies the objective component, the Court must consider the duration of the exposure and totality of the conditions. *See Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) ("In general, the severity and duration of deprivations are inversely proportional, so that minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations of shelter, food, drinking water, and sanitation' may meet the standard despite a shorter duration." (quoting *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001))).

As a preliminary matter, MBP staff, not the named Defendants, made the decision to originally transport Plaintiff "in a state blue shirt, state blue pants, and blue shower shoes with no

jacket, thermal tops or bottom, gloves, hat, and socks." (ECF No. 1, PageID.3.) As discussed above, liability under § 1983 is premised upon personal involvement. *See Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). Defendants cannot be liable for the acts of another under § 1983. *See Monell*, 436 U.S. at 691. Therefore, Plaintiff may not bring a claim against Defendants related to his general transportation without a jacket or socks. Instead, the Court will focus on the alleged actions of the individual Defendants.

Here, Plaintiff alleges that Defendants John, Transport Staff, and Hicks forced Plaintiff to stand outside without a jacket or socks in the "freezing [c]old." (ECF No. 1, PageID.3.) As a result, Plaintiff describes that he could not feel any of his body parts. (*Id.*) At this stage of the proceedings, taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, Plaintiff's Eighth Amendment claims against Defendants John, Transport Staff, and Hicks related to being forced Plaintiff to stand outside without warm clothes, a jacket, or socks in the "freezing [c]old" cannot be dismissed on screening.

2.  **Denial of Food**

"The Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). The Constitution "does not mandate comfortable prisons," however. *Rhodes*, 452 U.S. at 349. Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (denial of five meals over three consecutive days, and a total of seven meals over six consecutive days, does not rise to Eighth Amendment violation,

where the prisoner fails to allege that his health suffered); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *see also Staten v. Terhune*, 67 F. App'x 462, 462–63 (9th Cir. 2003) (finding the deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Berry v. Brady*, 192 F.3d 504, 507–08 (5th Cir. 1999) (finding the denial of a few meals over several months does not state a claim); *Cagle v. Perry*, No. 9:04-CV-1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (finding the deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

Considering this case law, Plaintiff's allegation that he was denied food on one occasion upon Plaintiff's arrival at ICF fails to state an Eighth Amendment claim.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis*. Having conducted the review required by the PLRA, the Court determines that Defendants Garcia, James, and Miller will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, the following claims against remaining Defendants Transport Staff, John, and Hicks: Plaintiff's First Amendment retaliation claims, and Eighth Amendment claims premised upon the denial of Plaintiff's request for food. Plaintiff's Eighth Amendment claim against Defendants Transport Staff, John, and Hicks for requiring Plaintiff to stand outside in the cold remains in the case.

An order consistent with this opinion will be entered.

Dated:   April 18, 2025                         /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge